Opinion Issued January 30, 2003 
















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00405-CR
____________

RONNEY EARL WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court 
Harris County, Texas
Trial Court Cause No. 888423




MEMORANDUM OPINION

          A jury convicted appellant, Ronney Earl Williams, of possession of less than
one gram of cocaine. See Tex. Health & Safety Code Ann. §§ 481.115, 481.102
(Vernon Supp. 2003). The jury also found true the enhancement allegations of
appellant’s two prior convictions for felony possession of a controlled substance and
assessed punishment at 10 years in prison. We address (1) whether the evidence was
legally and factually sufficient to show beyond a reasonable doubt that appellant
knowingly and intentionally possessed the cocaine, (2) whether the trial court erred
by overruling appellant’s motion to suppress evidence because the officer allegedly
lacked probable cause to arrest appellant, and (3) whether appellant was denied
effective assistance of counsel. We affirm.
Facts
          During their evening patrol, Houston Police Department Officers Patterson and
Marquez noticed appellant’s car parked outside a convenience store in southeast 
Houston. Officer Patterson ran a check on the license plate of the car, in which
appellant was the only occupant, and was awaiting a response when appellant pulled
out of the convenience store parking lot. The officers followed appellant and testified
that they observed appellant turn right after failing to signal. Appellant denied that
he turned without signaling. 
          The officers pulled appellant over for the traffic violation and approached the
car. Officer Patterson asked to see appellant’s driver’s license and proof of insurance. 
While talking to appellant, Officer Patterson shone his flashlight into appellant’s car
and noticed what appeared to be a crack pipe in the center console area under the
radio near the dashboard. Officer Patterson ordered appellant to step out of his car
and then asked appellant for permission to search the car. The officer testified that
appellant consented to the search but, at trial, appellant denied consenting to the
search. Officer Marquez retrieved the object that appeared to be a crack pipe. 
          Officer Patterson conducted a field test on the object, and it tested positive for
cocaine. The officers then arrested appellant, but did not ticket him for the traffic
violation. Appellant’s car was inventoried by Officer Marquez, who found a Chore
Boy scrub pad, often used as a filter for crack pipes, in the trunk. 
Legal and Factual Sufficiency
          In his first and second points of error, appellant contends that the evidence was
legally and factually insufficient to show beyond a reasonable doubt that appellant
knowingly and intentionally possessed the cocaine.          
          In reviewing for legal sufficiency, we view the evidence in the light most
favorable to the verdict and ask whether a rational trier of fact could find the essential
elements of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000); Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.—Houston
[1st Dist.] 2001, pet. ref’d). In reviewing for factual sufficiency, we examine all of
the evidence neutrally and ask whether proof of guilt is so obviously weak or greatly
outweighed by contrary proof as to indicate that a manifest injustice has occurred. 
King, 29 S.W.3d at 563; Valencia, 51 S.W.3d at 423. While conducting our analysis,
if there is probative evidence supporting the verdict, we must avoid substituting our
judgment for that of the trier of fact, even when we disagree with the determination
made by the trier of fact. King, 29 S.W.3d at 563. 
          To show intentional and knowing possession of a controlled substance, the
State must show that (1) appellant exercised actual care, custody, control, or
management of the contraband and that (2) he knew it was contraband. Gilbert v.
State, 874 S.W.2d 290, 297 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d); see
also Tex. Health & Safety Code Ann. § 481.002(38) (Vernon Supp. 2003). When
an accused is not in exclusive control of the place where the substance is found, there
must be additional, independent facts and circumstances that affirmatively link the
accused to the contraband in such a manner that can conclude that he had knowledge
of the contraband as well as control over it. Whitworth v. State, 808 S.W.2d 566, 569
(Tex. App.—Austin 1991, pet. ref’d). 
          First, appellant argues that the crack pipe and the Chore Boy scrub pad found
in his car belonged to Jasmine, the female passenger whom appellant’s brother, Larry,
had attempted to drive home in appellant’s car the day before. The day before
appellant was arrested for possession of the crack pipe, Larry took appellant’s car to
get a new tire, accompanied by a woman named Jasmine. Larry stopped to get gas
and left Jasmine alone in the vehicle. 
          Appellant claims that Jasmine left the crack pipe and scrub pad in appellant’s
car while Larry stopped to get gas. Appellant supports this theory by testimony from
Larry that when Larry returned to the car after having paid for the gas, he immediately
smelled an odor like a burnt fuse in the interior of the car, which odor had not been
there previously. Appellant implies that this odor was caused by Jasmine’s smoking
of the crack pipe alone in the car while Larry paid for the gas. Larry also testified that
he did not see a crack pipe when he returned to the car after paying for the gas. 
Appellant claims that this testimony established that the crack pipe and Chore Boy
scrub pad belonged to Jasmine, not appellant. 
          Second, appellant points to testimony from Larry that appellant’s car did not
have an open console and, therefore, argues that the officers could not have seen a
crack pipe in plain view in the console area. At trial, Larry testified that appellant’s
car contained no extra console, but contained only a basic radio with a cassette player,
air conditioner, ashtray, and cup-holder. Appellant claims Larry’s testimony conflicts
with Officer Patterson’s testimony that the crack pipe was situated in plain view in
what Officer Patterson described as the open console area below the radio between
the driver’s and passenger’s side.  
          The evidence shows that appellant was the registered owner of the car in which
the cocaine was found and that appellant was the only occupant of the car at the time
of the arrest. Both officers confirmed that the crack pipe was located in plain view
in the area underneath the radio and towards the front dashboard of the car, and,
therefore, the crack pipe was conveniently accessible to appellant. Appellant testified
on cross-examination that he knew what a crack pipe looked like and would be able
to recognize the smell of crack cocaine that had been smoked. Although Larry and
Jasmine may have had access to the console area of appellant’s car on the day before
the arrest, appellant had exclusive control over the car at the time of the arrest. 
Further, after inventorying the car, the officers found a Chore Boy scrub pad, a
material commonly used as a crack pipe filter, in the trunk of appellant’s car. The
record does not reflect that Larry or Jasmine accessed the trunk on the day before the
arrest.  
          Although both Larry and appellant testified that appellant’s car contained no
console, the fact finder, as the sole judge of the weight and credibility of the witness
testimony, could disbelieve any or all of the testimony proffered and weigh the
evidence in the manner it chose. Bruno v. State, 922 S.W.2d 292, 293 (Tex.
App.—Amarillo 1996, no pet.). Despite Larry’s testimony, the above facts are
sufficient to show that appellant had knowledge of the presence of the cocaine as well
as control over it. We hold that the evidence was both legally and factually sufficient
to show that appellant knowingly and intentionally possessed the cocaine. 
          We overrule appellant’s first and second points of error.
Motion to Suppress 
          In his third point of error, appellant contends that the trial court erred by
overruling appellant’s motion to suppress evidence because the arresting officers
lacked probable cause to arrest him. Specifically, appellant argues that his initial
detention was not justified because he was not ticketed for the traffic violation that
allegedly gave the arresting officers cause to detain him.



          Generally, a trial court’s ruling on a motion to suppress is reviewed under an
abuse-of-discretion standard. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App.
1999). However, when the motion presents a question of law based on undisputed
facts, we review de novo. Id. 
          It is well-settled that items in “plain view” may be seized by law enforcement
personnel if two conditions are met. Ramos v. State, 934 S.W.2d 358, 365 (Tex.
Crim. App. 1996); State v. Haley, 811 S.W.2d 597, 599 (Tex. Crim. App. 1991). 
These conditions include (1) that the initial intrusion must be proper (i.e., the police
must have a right to be where they are when the discovery is made) and (2) that it be
“immediately apparent” to the police that they have evidence before them (i.e.,
probable cause to associate the property with criminal activity). Ramos, 934 S.W.2d
at 365; Haley, 811 S.W.2d at 599. 
          The record shows that the officers initially detained appellant because he had
committed a traffic offense by failing to signal a right-hand turn. See Tex. Transp.
Code Ann. § 545.104 (Vernon 1999) (stating that driver commits a traffic offense if
he or she fails to signal turn). A violation of a traffic law authorizes a police officer
to stop a vehicle and detain its occupants briefly. State v. Cardenas, 36 S.W.3d 243,
246 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d); Josey v. State, 981 S.W.2d
831, 837 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d). Although appellant
testified at trial that he did not fail to signal before turning, the trial court could have
chosen to believe or disbelieve any or all of the testimony proffered. See Bruno, 922
S.W.2d at 293. Therefore, the trial court did not err in implicitly concluding that the
officers were justified in initially detaining appellant for the traffic offense. 
          While detaining appellant for the traffic offense, Officer Patterson observed an
object that appeared to be a crack pipe in appellant’s car. Because the traffic stop
occurred late in the evening and because they were patrolling a high-crime area, the
officers testified that they were concerned for their safety. For this reason, Officer
Patterson shone a flashlight into appellant’s car to see where appellant’s hands were
and to check for any visible weapons. Both officers testified that the crack pipe was
located in plain view in the center console area near the dashboard of appellant’s car
and that appellant was the sole occupant of the car. After appellant was arrested, the
Chore Boy scrub pad was found in the trunk of the car as a result of an inventory by
Officer Marquez. Further, although appellant testified at trial that he did not consent
to the search of his car, the officers testified that he did. Moreover, appellant does not
argue on appeal that his consent was involuntary. Therefore, we presume both that
appellant consented and that his consent was valid. See Maxwell v. State, 73 S.W.3d
278, 281 (Tex. Crim. App. 2002) (valid consent to search is well-established
exception to constitutional requirements of probable cause). Therefore, the trial court
did not err in implicitly finding that the officers lawfully seized both the crack pipe
and Chore Boy scrub pad. 
          Appellant’s contention that his initial detention was not justified because he
was not ticketed for the traffic violation, which gave the arresting officers cause to
detain him, is irrelevant and does not negate the facts indicating that the officers were
justified in initially detaining appellant or in searching his car.    A law enforcement
officer who is accusing one of failing to signal a right-hand turn is not required by
law to issue a citation for that person to appear in court at some subsequent time. See
Tex. Transp. Code Ann. § 545.104. We hold that the trial court did not err by
overruling appellant’s motion to suppress.
          We overrule appellant’s third point of error. 
Ineffective Assistance of Counsel 
          In his fourth point of error, appellant contends that he was denied effective
assistance of counsel. Appellant complains that his counsel (1) failed to object to the
State’s allegedly improper hypothetical used to commit jurors in voir dire, (2)
introduced convictions more than 10 years old against appellant, (3) failed to provide
photographic evidence of the interior of the automobile in question, (4) failed to
object to the prosecutor’s use of bolstering, and (5) failed to object to the arresting
officer’s testimony that the substance he field-tested was cocaine. 
          To determine if a defendant has been denied effective assistance of counsel, we
follow the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984). First, appellant must demonstrate that counsel’s
representation fell below an objective standard of reasonableness under prevailing
professional norms. Howland v. State, 966 S.W.2d 98, 104 (Tex. App.—Houston [1st
Dist.] 1998), aff’d, 990 S.W.2d 274 (Tex. Crim. App. 1999). Second, appellant must
establish that counsel’s performance was so prejudicial that it deprived him of a fair
trial. Id. Thus, appellant must show that a reasonable probability exists that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d at
104. Appellant has the burden to establish both of these prongs by a preponderance
of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998);
Davis v. State, 830 S.W.2d 762, 765 (Tex. App.—Houston [1st Dist.] 1992, pet.
ref’d).
          An appellant making a claim of ineffective assistance must identify the acts or
omissions of counsel that are alleged not to have been the result of reasonable
professional judgment. Strickland, 466 U.S. at 690; 104 S.Ct. at 2066. Any
allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).
A.      Failure to Object to Allegedly Improper Hypothetical
          Appellant first complains that he was denied effective assistance of counsel
because his counsel failed to object to an allegedly improper hypothetical used by the
prosecutor to commit prospective jurors during voir dire. 
          During voir dire, the prosecutor made the following comments:
Do you think that knowing that, what the theory behind the law is, that even
if the law says you can convict somebody on less than a gram and keeping in
mind what the theory behind that law is, is there anybody who feels like you
still could not convict, that you could not follow your oath as a juror to convict
on the law as written? Even if I proved all the elements beyond a reasonable
doubt? 

          Appellant cites Atkins v. State for the proposition that the prosecutor was using
the above statement to commit the venire panel improperly to the specific facts of the
case. See id., 951 S.W.2d 787, 788-89 (Tex. Crim. App. 1997). However, the above
questioning is distinguishable from Atkins because here, the prosecutor merely asked
whether the venire panel could follow the law and convict a person for possessing
less than one gram of cocaine. The prosecutor did not attempt to commit the venire
panel to the specific facts of the case. Therefore, we hold that appellant’s counsel’s
failure to object to these statements did not constitute ineffective assistance of
counsel.
B.      Introduction of Convictions More Than 10 Years Old
          Appellant next complains that he was denied effective assistance of counsel
because his counsel elicited testimony from him of three prior convictions, two of
which were more than 10 years old. Appellant also complains that his counsel failed
to object to the State’s questioning of appellant about his remote misdemeanor
conviction for failing to identify himself to a peace officer. 
          The general rule is that a witness’s credibility may not be impeached by
evidence of conviction for a felony or crime of moral turpitude if 10 years have
elapsed since the date of conviction or release from confinement, whichever date
comes later, unless the court determines that the probative value of the conviction
supported by specific facts and circumstances substantially outweighs its prejudicial
effect. Tex. R. Evid. 609(b). However, in evaluating whether to admit a remote
conviction, Texas courts have historically looked at subsequent convictions of a
felony or crimes of moral turpitude because such convictions show lack of
reformation, which is thought to attenuate prejudice interposed by a distant
conviction. Hernandez v. State, 976 S.W.2d 753, 755 (Tex. App.—Houston [1st
Dist.] 1998, pet. ref’d). Under these circumstances, the court may “tack” the
intervening convictions onto the older convictions, causing a conviction older than
10 years to be treated as not remote. Id. 
          Appellant had four prior convictions.   Appellant was convicted and sentenced
to four years in prison for felony possession of a controlled substance on September
18, 1990. Appellant was convicted of misdemeanor failure to identify himself to a
peace officer on September 20, 1990. Appellant was convicted of aggravated robbery
on January 23, 1991. Appellant was again convicted of felony possession of a
controlled substance on November 23, 1992. Prior to trial, appellant’s counsel filed
a motion in limine requesting that the trial court exclude evidence of these prior
convictions, but the trial court never ruled on this motion. Appellant’s trial was held
on March 21, 2002. 
          During trial, appellant’s counsel first elicited testimony from appellant about
all of the above convictions except the September 20, 1990 misdemeanor conviction. 
On cross-examination, the State questioned appellant about all of his four prior
convictions, including the September 20, 1990 misdemeanor conviction. Appellant’s
counsel did not object to this line of questioning on cross-examination. 
          Although three of these convictions occurred more than 10 years before the
date of the trial, appellant’s intervening conviction on November 23, 1992 removed
the remoteness of his three earlier convictions, making them admissible. See id. We
hold that appellant’s counsel’s introduction of evidence of his remote convictions did
not constitute ineffective assistance of counsel.           
C.      Failure to Provide Photographic Evidence 
          Appellant also contends that he was denied effective assistance of counsel
because his counsel failed to investigate adequately the case and to provide evidence
of the layout of the interior of appellant’s car. Appellant claims because there was
conflicting testimony from appellant’s brother, Larry, that appellant’s car contained
no console as described by Officer Patterson, appellant’s counsel should have
produced a diagram or photograph of the model of car in question. 
          We will not hold counsel’s performance deficient unless the consequence of
the failure to investigate is that the only viable defense available to the accused is not
advanced and that there is a reasonable probability that, but for counsel’s failure to
investigate, the result of the proceedings would have been different. See McFarland
v. State, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996). 
          Although appellant’s counsel did not introduce a photograph of the car in
question or of a similar model at trial, appellant’s counsel did introduce a diagram of
appellant’s car, hand-drawn by appellant, which diagram was admitted into evidence
without objection by the State. Further, shortly after appellant was arrested, his car
was seized and sold, and, therefore, the car was not necessarily available to
photograph. Thus, we cannot say that defense counsel failed to investigate
adequately the case or that defense counsel’s representation fell below an objective
standard of reasonableness under prevailing professional norms. Moreover, even if
counsel had proved there was no console, the trier of fact could still have believed
that the officers observed a crack pipe in plain view in the area where a console
would have been. We hold that appellant’s counsel’s failure to provide evidence of
the interior of appellant’s car did not constitute ineffective assistance of counsel. 
D.      Failure to Object to Alleged “Bolstering”
          Appellant next argues that he was denied effective assistance of counsel
because his counsel failed to object to allegedly improper “bolstering” by the
prosecutor that Officer Patterson had made several arrests for drugs and solicitation
of prostitution in the location where the officers first noticed appellant before the
arrest. Appellant claims that the effect of this testimony was to imply that the
appellant was also involved in criminal activity merely because he was found and
arrested in this location.
          Officer Patterson testified that he had made “numerous arrests” for both drug
and prostitution in the area where he encountered appellant. However, this testimony
did not constitute improper bolstering because evidence that a defendant is found in
a high-crime area is a factor that a judge or jury may consider when determining if the
arresting officer had reasonable suspicion to detain or probable cause to arrest a
suspect. See Guzman v. State, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997). Because
appellant’s motion to suppress was being carried with trial, and because appellant’s
counsel had already informed the judge that she wanted an article 38.23 instruction
for the jury to disregard any evidence that it found had been illegally obtained,
Officer Patterson’s testimony was admissible. See Tex. Code Crim. Proc. Ann. art.
38.23 (Vernon Supp. 2003). We hold that such testimony was not improper
bolstering and, therefore, that appellant’s counsel’s failure to object to this testimony
did not constitute ineffective assistance of counsel. 
E.      Failure to Object to Improper Expert Testimony
          Finally, appellant argues that he was denied effective assistance of counsel
because his counsel failed to object to improper expert testimony by Officer
Patterson. At trial, Officer Patterson testified that, after he field-tested the crack pipe,
“it tested positive for cocaine.” 
          Any error resulting from a police officer’s testimony regarding field-testing a
controlled substance is rendered harmless when an expert later testifies and confirms
the accuracy of the field test. Smith v. State, 874 S.W.2d 720, 721-22 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d). Here, after Officer Patterson had
testified about the results of the field test, an expert testified and confirmed the field
test’s validity. This later expert positively identified the substance found in the crack
pipe as cocaine. Therefore, any error resulting from Officer Patterson’s testimony
was rendered harmless by the expert’s subsequent testimony. We hold that appellant
did not show that his counsel’s failure to object to Officer Patterson’s testimony, if
error, deprived him of a fair trial. 
          We overrule appellant’s fourth point of error.













Conclusion

          We affirm the trial court’s judgment.




     Tim Taft
     Justice

Panel consists of Justices Taft, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).