Opinion Issued July 1, 2004 
















     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00319-CR




MICHAEL GENE JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 921542




O P I N I O N 

          A jury found appellant, Michael Gene Johnson, guilty of the first degree
offense of aggravated robbery. After making an affirmative deadly weapon finding,
the jury assessed his punishment at 25 years’ confinement. In four points of error,
appellant contends that (1) the evidence is legally and factually insufficient to support
his conviction and (2) he received ineffective assistance of counsel at the
guilt/innocence and punishment stages. We affirm. 
Background
On July 20, 2002, Minh Truong was working in her florist shop when a clean-
shaven black man, later identified as appellant, knocked on her door. Truong testified
that the man had no hair and wore an orange T-shirt, jean shorts, clean socks, and
bright white tennis shoes. Truong assumed that, because he was “[a] clean-cut man,
maybe [she could] trust him.” When Truong opened the door, appellant told her he
needed some flowers. While in the store, appellant picked up a knife used to make
flower arrangements from a nearby table. He then stormed at Truong with the knife,
threatening to kill her unless she handed over her money. Appellant struck Truong
with the knife handle and knocked her to the floor. He hit her so hard that the knife
broke. Appellant quickly grabbed another knife from the nearby workstation table
and continued to hit appellant and demand money. As Truong told appellant that she
did not have any money, she stared at his face and eyes. Truong eventually handed
him her credit card. When appellant stopped hitting her and reached for the credit
card, Truong ran into the bathroom and locked the door. When Truong believed
appellant had left, she emerged from the bathroom and found the contents of her
purse scattered about her shop; approximately $230 was missing. 
          Truong was taken to the hospital for injuries, where she was treated for a
fractured skull and underwent surgery to remove blood clots. While there, she
described her assailant to Houston Police Officer Ha. She told him that the robber
was a heavy-set black male who was clean-shaven and clean-cut with a thick square
build. Ha testified that Truong also told him that the robber was approximately six
feet tall, weighed 200 pounds, and had brown eyes. Although Truong also described
the clothing the robber wore, Ha did not include Truong’s complete description in his
police report. 
          After speaking with Truong, Officer Ha returned to the shop. Although Ha
found a lot of blood evidence in the shop, he did not test the blood, nor did he request
that photographs or fingerprints be taken. A few days after the robbery, Truong
spoke with Sergeant Defee. She provided him with a description of the robber
consistent with that she had given Officer Ha. After her release from the hospital, 
Truong and her ex-husband found the knife used in the robbery and brought it to
Defee at the police station. No fingerprints were found on the knife.  
          About four weeks later, on August 19, 2002, Truong saw the man who robbed
her walking across the parking lot in front of her shop. He walked through the
driveway and headed towards a drug rehabilitation center next door to the flower
shop. He wore shorts, socks, and shoes similar to those worn by the robber. Truong
called the police and told them the man who robbed her was next door. Police
subsequently arrested appellant. 
          After appellant was arrested, Truong identified him from a photographic
lineup. She also positively identified appellant in court as the man who had robbed
her. She testified that she does not forget a face and that she knew he was the man
who robbed her “because of his eyes.” 
          In his defense, Tawana Norwood, appellant’s girlfriend, testified that, on July
20, 2002, the day of the robbery, she and appellant were supposed to help appellant’s
brother move and appellant was with her. She testified that there was no possibility
appellant could have left without her knowing it. The jury rejected appellant’s alibi
defense and convicted him of aggravated robbery. 
Discussion
Sufficiency of the Evidence
          In his first and second points of error, appellant contends the evidence is
legally and factually insufficient to support his conviction. 
          We review the legal sufficiency of the evidence by reviewing all of the
evidence in the light most favorable to the verdict to determine whether any rational
factfinder could have found the essential elements of the offense beyond a reasonable
doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our
analysis considers all evidence presented at trial, we may not reweigh the evidence
and substitute our judgment for that of the fact finder. King, 29 S.W.3d at 562. 
          We review the factual sufficiency of the evidence by reviewing all the evidence
as a whole neutrally, not in the light most favorable to the prosecution. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a factual-sufficiency review, we
may not substitute our own judgment for that of the factfinder. Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996). The Court of Criminal Appeals has
recently stated:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004)
(footnote omitted). We must consider the most important evidence that the appellant
claims undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). 
          A person commits the offense of aggravated robbery if that person (1) in the
course of committing theft, (2) with intent to obtain and maintain control of property,
(3) knowingly and intentionally, (4) threatens or places another in fear of imminent
bodily injury or death, and (5) then and there uses or exhibits a deadly weapon. Tex.
Pen. Code Ann. §§ 29.02-.03 (Vernon 2003). Although a knife is not a deadly
weapon per se, the Court of Criminal Appeals has held that an object such as a knife
can be a deadly weapon if the actor intends a use of the object in which it would be
capable of causing death or serious bodily injury. McCain v. State, 22 S.W.3d 497,
502-03 (Tex. Crim. App. 2000). 
          Appellant argues that the evidence was legally insufficient to support his
conviction because the evidence failed to prove that he committed the offense. In
support of his argument, appellant notes that the record reflects that he was at home
with his girlfriend when the crime occurred and that there was no physical evidence
connecting him to the crime. Appellant also contends that “the entire case rests on
the complainant’s description,” which could fit the description of many people.           After examining the record, we conclude that a rational trier of fact could have
found, beyond a reasonable doubt, that appellant committed the offense of aggravated
robbery. Truong testified that appellant robbed her at knife-point and threatened to
kill her if she did not hand over her money. She positively identified appellant in
court as the individual who robbed her at knife-point. She previously had identified
appellant in a photographic line-up. Truong testified that, while appellant was
beating her with the knife, she had a good opportunity to look at his face and his eyes. 
She explained that she was sure appellant was the robber because she never forgets
a face and she could not forget his eyes. This testimony was sufficient to establish
that appellant intentionally threatened or placed Truong in fear of imminent bodily
injury or death. As the exclusive judges of the facts, the credibility of the witnesses,
and the weight to be given their testimony, a jury may believe or disbelieve all or any
part of a witness’s testimony. McKinney v. State, 76 S.W.3d 463, 468-69 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). We will not substitute our judgment for
that of the factfinder. Accordingly, we hold that the evidence was legally sufficient
to support appellant’s conviction. 
          In regard to his factual-sufficiency challenge, appellant merely reiterates that
he was at home when the crime occurred and that there was no physical evidence
connecting him to the crime. Although he recognizes the general rule that the
credibility of witnesses will not be reviewed on appeal, he nevertheless “urges this
Court to exercise [its] discretion, and find that the State’s evidence against him
simply is not credible enough to sustain a conviction.”
          Although appellant presented an alibi defense, what weight to give
contradictory testimonial evidence is within the sole province of the jury, as it turns
on an evaluation of credibility and demeanor. Cain v. State, 958 S.W.2d 404, 408-09
(Tex. Crim. App. 1997). The testimony of a single eyewitness, such as Truong, is
sufficient to support a felony conviction. See Bowden v. State, 628 S.W.2d 782, 784
(Tex. Crim. App. 1982) (holding that the testimony of a single eyewitness can be
factually sufficient to support a felony conviction). Thus, the jury was free to believe
all or any part of the testimony of Truong and the State’s witnesses, and disbelieve
all or any part of the testimony of appellant’s witnesses. A court of appeals must
show deference to such a jury finding. Cain, 958 S.W.2d at 409. The alibi testimony,
the lack of physical or forensic evidence, and the differences between the testimony
of the witnesses were all factors for the jury to consider in weighing the evidence. 
A jury’s decision is not manifestly unjust merely because the jury resolved conflicting
views of evidence in favor of the State. Id. at 410. 
          Accordingly, after examining all of the evidence neutrally, we hold that the
proof of guilt was not so obviously weak as to undermine confidence in the jury’s
determination; nor was the contrary evidence so strong that the beyond-a-reasonable-doubt standard could not have been met.
We overrule appellant’s first and second points of error.
Ineffective Assistance of Counsel
          In his third and fourth points of error, appellant contends that he received
ineffective assistance of counsel at both the guilt/innocence and punishment stages
of trial. 
          To determine if a defendant has been denied effective assistance of counsel, we
follow the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984). First, the appellant must demonstrate that his counsel’s
representation fell below an objective standard of reasonableness under prevailing
professional norms. Id. at 688, 104 S. Ct. at 2064; Howland v. State, 966 S.W.2d 98,
104 (Tex. App.—Houston [1st Dist.] 1998), aff’d, 990 S.W.2d 274 (Tex. Crim. App.
1999). Second, the appellant must establish that his counsel’s performance was so
prejudicial that it deprived him of a fair trial. Howland, 966 S.W.2d at 104. Thus, the
appellant must show that a reasonable probability exists that, but for his counsel's
unprofessional errors, the result of the proceeding would have been different.
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d at 104. The
appellant has the burden to establish both of these prongs by a preponderance of the
evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). 
          It is presumed that trial counsel’s strategy was sound and that the
representation was reasonable. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). In assessing whether a defendant has
overcome these presumptions, we are limited to the facts of the case. Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We cannot speculate beyond the
record provided. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). An
appellant “making a claim of ineffective assistance must identify the acts or omissions
of counsel that are alleged not to have been the result of reasonable professional
judgment.” Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at 813. 
          Appellant contends that he received ineffective assistance of counsel at the
guilt/innocence stage because counsel (1) failed to file a motion to suppress an
impermissibly suggestive photo array; (2) entered the photo array into evidence; (3)
failed to prepare his eyewitness expert; (4) failed to preserve error by making an offer
of proof as to his expert testimony; and (5) failed to instruct his client to wear
something other than an orange shirt at trial, which was suggestive of the orange shirt
worn by the robber. 
          Appellant has failed to overcome the presumption that trial counsel’s actions
and inactions were part of his trial strategy. Although appellant filed a motion for
new trial, the only claim he advanced in that motion was that the verdict was contrary
to the law and the evidence. Because no ineffective assistance claim was advanced
in the motion, no hearing was conducted to explore appellant’s counsel’s trial
strategy. In the absence of a proper evidentiary record, it is extremely difficult to
show that trial counsel’s performance was deficient. See Gibbs v. State, 7 S.W.3d
175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d); Mares v. State, 52 S.W.3d
886, 891 (Tex. App.—San Antonio 2001, pet. ref’d) (failure to file pre-trial motions
is not categorically deemed ineffective assistance of counsel because trial counsel
may decide not to file pre-trial motions as part of his trial strategy); Rylander v. State,
101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003) ( record insufficient to support
ineffective assistance of counsel claim where record was silent regarding reason
counsel failed to call expert witness, failed to file pre-trial motions, and failed to
adequately prepare witnesses). To find appellant’s trial counsel ineffective on the
basis of the record before this Court would require us to speculate, which we will not
do. Gamble, 916 S.W.2d at 93. 
          Appellant also contends that he received ineffective assistance of counsel at the
punishment stage of trial because his trial counsel (1) failed to object to a victim
impact statement; (2) commented on the parole law; (3) failed to object to comments
on the parole law; and (4) failed to present mitigating evidence.


 Appellant’s trial
counsel’s comments on parole law and failure to object to the State’s comments on
parole law in the punishment stage were strategic, even if appellant believes the
strategy was unsuccessful; even appellant’s appellate counsel admits that “defense
counsel may have thought he was helping.” That a trial strategy does not work does
not mean that counsel was ineffective. Again, appellant has failed to overcome the
presumption that counsel’s actions were part of a strategic plan. See Tong v. State,
25 S.W.3d 707, 713-14 (Tex. Crim. App. 2000) (counsel’s failure to object to victim
impact testimony and evidence not ineffective assistance of counsel when trial record
silent as to counsel’s strategy). To find that trial counsel was ineffective would call
for us to speculate which we will not do. Gamble, 916 S.W.2d at 93. 
          We overrule appellant’s third and fourth points of error.
 
Conclusion
          We affirm the judgment of the trial court. 

 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Bland.
Publish. Tex. R. App. P. 47.4.