**Gene Edward HOWLAND, Appellant,**

v.

**The STATE of Texas.**

Nos. 0788–98 to 0791–98.

Court of Criminal Appeals of Texas.

March 31, 1999.

Kelly McClendon, Angleton, for appellant.

David Bosserman, Asst. Dist. Atty., Angleton, Matthew Paul, State's Atty., Austin, for the State.

## *O P I N I O N*

MEYERS, J., delivered the unanimous opinion of the Court.

Appellant was convicted of two aggravated sexual assaults and two acts of indecency with a child. The jury assessed punishment at 20 years imprisonment for each sexual assault and five years for each act of indecency. The convictions were affirmed. *Howland v. State*, 966 S.W.2d 98 (Tex.App.—Houston [1st Dist.] 1998). We granted discretionary review to address whether the Court of Appeals erred in its analysis of the applicability of article 38.37 of the Texas Code of Criminal Procedure.[1]

Article 38.37, *Evidence of extraneous offenses or acts*, provides, in relevant part:

> Sec. 1. *This article applies to a proceeding in a prosecution* of a defendant for an offense under the following provisions of the Penal Code, if committed against a child under 17 years of age …

TEX.CODE CRIM. PROC. ANN. art. 38.37 (emphasis added). The enactment paragraph pertaining to article 38.37, provides that the article is applicable

> to *any criminal proceeding* that commences on or after the effective date of this Act, regardless of whether the offense that is the subject of the proceeding was committed before, on, or after the effective date of this Act.

Acts of June 5, 1995, 74th Leg., ch. 318 § 48(b) (emphasis added). The effective date of article 38.37 was September 1, 1995. At the guilt/innocence portion of trial appellant objected to the admission of certain extraneous offense evidence.[2] The trial court overruled his objections, concluding the evidence was admissible under article 38.37.[3] Appellant argued on appeal that because he .was indicted before its effective date, article 38.37 did not apply to any part of his prosecution, even though his trial began after its effective date.[4]

---

1. In his ground for review appellant claims "the Court of Appeals erroneously determined that TEX. CODE CRIM. PROC. ANN. ART. 38.37 § 2 applied in these cases." We granted review to settle a split among courts of appeals regarding applicability of article 38.37 to cases where the indictment was returned prior to the statute's effective date. *Compare Haney v. State*, 977 S.W.2d 638 (Tex. App.—Ft. Worth 1998)(holding article 38.37 only applies to criminal prosecutions begun on or after effective date); *Snellen v. State*, 923 S.W.2d 238 (Tex.App.—Texarkana 1996, pet. ref'd)(noting article 38.37 not applicable because indictment filed before effective date) and *Yzaguirre v. State*, 938 S.W.2d 129 (Tex. App.—Amarillo 1996)(noting article 38.37 not applicable since proceeding commenced with return of indictment before effective date of article), *rev'd on other grounds*, 957 S.W.2d 38 (Tex.Crim.App.1997) *with Howland v. State*, 966 S.W.2d 98 (Tex.App.—Houston [1st Dist.] 1998)(construing article 38.37 to be applica-

ble to all possible steps in prosecution) *with Hinds v. State*, 970 S.W.2d 33 (Tex.App.—Dallas, 1998)(applying article 38.37 to cases tried in October 1995, without discussing applicable date issue).

2. Appellant objected to the evidence under Rules of Criminal Evidence 403 and 404(b). The State argued its admissibility in part under article 38.37.

3. The trial court also found the evidence admissible under Rule 403. The Court of Appeals' opinion deals with the application of both article 38.37 and Rule 403, but our review addresses only the applicability of article 38.37.

4. Appellant's indictments were filed on April 7, 1995, arraignment was held on August 31, 1995, voir dire examination took place on December 4, 1995, and trial on the merits began on December 4, 1995.

The Court of Appeals disagreed, pointing out that in common usage, the terms "proceeding" and "criminal proceeding" are quite broad, encompassing "all possible steps between official accusation and final disposition." *Howland*, 966 S.W.2d at 101 (citing *Tigner v. State*, 928 S.W.2d 540, 544 (Tex.Crim.App.1996) and Black's Law Dictionary). The court further concluded that the terms, viewed in the context of the entire provision, were clear and unambiguous and would not, in application, lead to an absurd result. *Id.* at 101–102. The court viewed the terms used in section one of article 38.37 in light of the language in the enactment paragraph:

> Section one of article 38.37 clearly states that the article applies to "a proceeding *in the prosecution* of a defendant." [citation omitted] As used in section one, the word "proceeding" obviously means something less than a "prosecution" as a whole. Therefore, we construe "any criminal proceeding" in the application paragraph of article 38.37 with the understanding that a "proceeding" is something smaller than a prosecution. "Any criminal proceeding" would, thus, mean "all possible steps in a prosecution." [citation omitted]
>
> Moreover, the word "any" modifies "criminal proceeding" in the application paragraph. We find this indicates the Legislature's intent that article 38.37 apply to more than one proceeding, or step, in a prosecution. Accordingly, "criminal proceeding," as used in the application paragraph of article 38.37, cannot be "the entire course of the prosecution" starting with the indictment (appellant's interpretation).

*Id.* at 102 (emphasis in original).

The State agrees with the holding of the Court of Appeals. The State maintains the phrase "criminal proceeding," as used in the enactment paragraph, refers to an individual step in a prosecution. *Id.* Appellant says we should construe the phrase to mean the course of a prosecution as a whole, beginning with the indictment.

Thus, the question is whether article 38.37 is applicable during any one of many phases in a prosecution so long as the particular phase at issue occurred after September 1, 1995 (the State's position), or whether article 38.37 is only applicable in a case in which the charging instrument was filed after September 1, 1995 (appellant's position).

We begin our analysis, as in every case of statutory construction, by looking at the plain and literal language of the provision. Article 38.37 says it "applies to *a proceeding in a prosecution* of a defendant." The enactment provision says article 38.37 is applicable "to *any criminal proceeding* that commences on or after the effective date of this Act, regardless of whether the offense that is the subject of the proceeding was committed before, on, or after the effective date of this Act." Black's Law Dictionary initially defines "proceeding" as including all of the many steps in a prosecution:

> In a general sense, the form and manner of conducting juridical business before a court or judicial officer. Regular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment.... All the steps or measures adopted in the prosecution or defense of an action.

Black's Law Dictionary 1204 (Centennial & 6 th ed.1990). Further on in its definition, Black's recognizes that the term is susceptible to two different meanings which are, in fact, representative of the opposing positions taken by the State and appellant in this case:

> The word may be used synonymously with "action" or "suit" to describe the *entire course of an action at law* or suit in equity from the issuance of the writ or filing of the complaint until the entry of a final judgment, or may be used to describe any act done by authority of a court of law and *every step required to be taken* in any cause by either party.... The term "proceeding" may re-

fer not only to a complete remedy but also to a mere procedural step that is part of a larger action or special proceeding.

*Id.* (emphasis added). When we replace section one's "proceeding" with each of these definitions, it is plain which of the two is the intended definition. Applying the first of the two definitions, section one would read something like this: "This article applies to *the entire course of an action at law* in a prosecution of a defendant . . ." Because this definition of "proceeding" means the same thing as or would encompass "a prosecution," [5] it makes no sense to refer to it as being "in" a prosecution. Such reading renders section one redundant and nonsensical. It makes much more sense to apply the second definition, so that section one would read something like this: "This article applies to *every step required to be taken* in a prosecution of a defendant. . . ." Applying this definition, we perceive no ambiguity in article 38.37. We agree with the Court of Appeals that section one's use of the phrase "a proceeding in a prosecution," refers on

its face to one of the individual or smaller "steps or measures" that may be taken *within* the larger criminal prosecution. As observed by one court of appeals justice, by making article 38.37 applicable to "a proceeding in a prosecution," "the rule itself expressly distinguishes between a 'proceeding' and a 'prosecution' in a way that implies there can be more than one proceeding in a given case." *Haney,* 977 S.W.2d at 649–50 (Livingston, J., joined by Brigham, J., concurring). Construed in light of this reading of section one, the enactment paragraph's reference to "any criminal proceeding" logically refers to "any" of the many steps that might occur within the process of a prosecution.[6] We really cannot articulate our reading of these terms and provisions any differently or better than articulated by the Court of Appeals, which gave a clear and logical explanation. Infra at 3 (quoting Court of Appeals' explanation of terms).[7] Accordingly, we hold that article 38.37 is applicable to any one of many isolated proceedings within a prosecution, so long as the proceeding at issue occurred after September 1, 1995.

---

**5.** Black's defines "prosecution" in part as "a criminal action."

**6.** We recognize that the phrase "criminal proceeding" might, taken alone, be interpreted as an entire course of a prosecution. However, this phrase takes on a different meaning when construed in light of the language utilized in the article itself and in light of the use of the term "any" preceding it.

**7.** This reading is not inconsistent with our interpretation of the phrase "criminal proceeding" in connection with another Code provision. *See Tigner v. State,* 928 S.W.2d 540 (Tex.Crim.App.1996). Code of Criminal Procedure article 38.22 section two provides in part that no statement made as a result of custodial interrogation "shall be admissible against the accused *in a criminal proceeding* unless. . . ." The question at issue in *Tigner* was whether the phrase "a criminal proceeding," as utilized in the context of that provision, encompassed voir dire. The State argued that a "criminal proceeding" should not be construed to commence until jeopardy attaches. The State also advanced the argument that the phrase was intended to mean

only the "trial on the merits." We noted that the term "proceeding" is very broad, pointing to Black's definition of the term as "including all possible steps in an action from its commencement to the execution of judgment . . . all the steps or measures adopted in the prosecution or defense of an action." *Tigner,* 928 S.W.2d at 544. Rejecting the State's arguments, we reasoned that if the legislature had intended the provision to be narrowly applicable, it would not have used such a broad term, or would have included more restrictive language, as done elsewhere in the Code. We ultimately concluded the term was ambiguous as used in the context of article 38.22, however, "because a literal reading of the term does not denote which step or steps constitute 'the proceeding' for the purpose of this statute." *Id.* at 545. After considering extratextual factors such as floor debates, we concluded the term encompassed voir dire:

A plain reading of the statute demonstrates that the literal language includes all the steps between official accusation and final judgment. Extratextual sources narrow the interpretive breadth of "proceeding" and illustrate that voir dire is within its ambit. *Id.* at 546.

The judgment of the Court of Appeals is affirmed.