Date issued November 7, 2002













     






In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01234-CR




TIMOTHY DUANE FELLERS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 886225




 
O P I N I O N
          Timothy Duane Fellers, appellant, was convicted of felony driving while
intoxicated.


 The jury assessed punishment at nine years’ confinement and a $5,000
fine.


 The jury recommended community supervision as to the confinement and
probation of the fine. In his sole point of error, appellant argues that he was denied
effective assistance of counsel at the guilt/innocence stage of the trial. We affirm.
Facts
          Appellant pulled his truck into Walter’s Quick Stop on August 27, 2001. 
Appellant put his truck in park, laid his head back, and closed his eyes. Melissa
Hudson, an employee at Walter’s, called Harris County regarding appellant,
concerned that something was wrong with him. An ambulance was dispatched to
Walter’s. Upon arriving, Robert Roundtree, a paramedic, attempted to awaken
appellant by first knocking on the truck’s window. After several attempts failed to
awaken appellant, Roundtree opened the truck door and him awake. Roundtree’s
partner checked appellant’s vital signs and ruled out any medical conditions. 
Roundtree noticed that appellant’s eyes were glassed over and red, that his speech
was slurred and slow, and that he smelled of alcohol.
          Appellant then went into Walter’s and made a purchase from Hudson. Hudson 
had no opinion as to whether appellant was drunk, but she testified that she did not
smell any alcohol on him. Appellant left Walter’s after making the purchase and was
approached by Deputy Dean Allred. Allred testified that he smelled alcohol on
appellant’s breath, that his eyes were bloodshot and watery, and that his speech was
sluggish. Allred asked appellant whether he had been drinking during the previous
24 hours, and appellant said that he had drunk three beers. Allred conducted a
horizontal gaze nystagmus (HGN) test on appellant to determine whether he was
intoxicated. Allred determined through the HGN test that appellant was intoxicated
and then took him into custody. 
           Appellant was transported to a substation and refused to take the intoxilyzer
test. It took 30 minutes to transport appellant to the substation and 20 minutes for
Allred to read through the necessary paperwork for the intoxilyzer test. Appellant
underwent a field sobriety test while being videotaped. On the videotape, appellant
denied having any alcohol during the previous 24 hours and did “fairly well” on the
field sobriety test.
          Appellant was convicted of driving while intoxicated on two previous
occasions, on June 17, 1987, and April 13, 1994. His trial counsel did not stipulate
to the two prior driving while intoxicated convictions. Therefore, the indictment,
including the two enhancement paragraphs regarding the two prior convictions, was
read by the judge during jury selection. Further, the State had to offer into evidence
the judgments and sentences from the two prior convictions to prove the enhancement
paragraphs. Appellant’s trial counsel asked Allred on cross-examination whether it
was true that the HGN test was only 77 percent reliable. Allred responded that for a
.10 blood alcohol level the HGN test was only 77 percent reliable. Appellant’s trial
counsel further asked what the reliability was for a .108 level. Allred responded that
the HGN test was 94 percent reliable. The State clarified that Allred’s response was
regarding a .08, and not a .108, blood alcohol level by re-asking the question on
redirect examination. The jury charge referenced the two prior convictions. 
Appellant’s trial counsel did not object to the charge. 
Discussion
          In his sole point of error, appellant argues that he was denied effective
assistance of counsel because his trial counsel failed to stipulate to appellant’s prior
convictions for driving while intoxicated; elicited, and then failed to object to,
Allred’s testimony regarding the accuracy of the HGN test; and failed to object to the
jury charge. A motion for new trial filed by appellant’s counsel alleged only that the
verdict was contrary to the law and the evidence.
          To determine if a defendant has been denied effective assistance of counsel, we
follow the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984). First, appellant must demonstrate that counsel’s
representation fell below an objective standard of reasonableness under prevailing
professional norms. Howland v. State, 966 S.W.2d 98, 104 (Tex. App.—Houston [1st
Dist.] 1998), aff’d, 990 S.W.2d 274 (Tex. Crim. App. 1999). Second, appellant must
establish that counsel’s performance was so prejudicial that it deprived him of a fair
trial. Id. Thus, appellant must show that a reasonable probability exists that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d at
104. Appellant has the burden to establish both of these prongs by a preponderance
of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998);
Davis v. State, 830 S.W.2d 762, 765 (Tex. App.—Houston [1st Dist.] 1992, pet.
ref’d). We cannot speculate beyond the record provided. Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Appellant must overcome the presumption
that trial counsel’s strategy was sound. Gamble, 916 S.W.2d at 93.
          An appellant “making a claim of ineffective assistance must identify the acts
or omissions of counsel that are alleged not to have been the result of reasonable
professional judgment.” Strickland, 466 U.S. at 690. Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999). Although there was a motion for new trial, the
motion did not raise the issue of ineffective assistance of counsel. There was not a
hearing on the motion. Therefore, the record is silent as to what appellant’s trial
counsel’s strategy was during trial. To find that trial counsel was ineffective based
on any of the asserted grounds would call for speculation, which we will not do. 
Gamble, 916 S.W.2d at 93.
          We overrule appellant’s sole point of error.
Conclusion
We affirm the judgment of the trial court.
 


                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Hedges, Keyes, and Duggan.


 
Do not publish. Tex. R. App. P. 47