NO. 07-01-0506-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 18, 2002

_____


RICKY HUCKABEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-434352; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

Pursuant to a plea of not guilty, appellant Ricky Huckabey was convicted by a jury of burglary of a habitation with intent to commit aggravated assault with a deadly weapon finding and punishment was imposed at confinement for life. After this Court dismissed

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

appellant's purported appeal for an untimely notice of appeal, pursuant to a post-conviction writ of habeas corpus, the Court of Criminal Appeals granted an out-of-time appeal. Presenting one issue, appellant contends the trial court erred in failing to sustain his timely objection to inflammatory and prejudicial photographs. Based upon the rationale expressed herein, we affirm.

Complainant testified that in February 2000, she and appellant, a homosexual, became friends while she and her husband were separated. Several months later, appellant needed a place to stay and moved in briefly with complainant, who was then reunited with her husband. Appellant was given a key, but surrendered it when he was asked to move out approximately three weeks prior to shooting complainant on August 4, 2000. According to testimony from a Lubbock Police Officer, complainant explained that after appellant moved in with her, he became erratic, angry, harassing, and threatening and was asked to move out.

On the evening of the shooting, after complainant got off work at 7:00 p.m., she shopped for groceries and then went home to begin dinner for her husband and another couple. Her husband was not scheduled to get off work until 10:00 p.m. Upon entering her home, complainant was confronted by appellant, who pointed a gun at her and directed her to sit on the floor or he would shoot her. According to complainant, appellant had her tape her hands together. During the incident, complainant's husband telephoned and appellant handed her a cordless phone and told her what to say. Her husband kept asking

2

what was wrong and eventually she told him to call 911 because appellant was going to shoot her in the head. At that point, appellant shot complainant in the chin and she slumped over with her hair covering her face. Although she could not see appellant, she heard him preparing to fire a second time. After she was shot a second time in the head, she held her breath and played dead. When she was sure appellant had left through the garage, she went out the front door towards a neighbor's house, but only made it to the front yard. After officers arrived, she identified appellant as the shooter and was then transported to the hospital. A police investigation verified that complainant still had bags of groceries in her car and that a set of keys was still in the front door of her home. Appellant was arrested several days later.

By a sole point of error, appellant contends the trial court improperly admitted photographs numbered State's Exhibits 18 through 24. We disagree. The photographs depict the following:

- No. 18–the top of complainant's bloody head ;
- No. 19–complainant's left hand bloody and swollen from a bullet wound;
- No. 20–the front and left side of complainant's bloody face with a metal instrument exposing her teeth;
- No. 21–the right side of complainant's face with her teeth exposed by a metal instrument as well as her right shoulder and arm;
- No. 22–the left side of complainant's bloody face with a metal instrument in her mouth;

3

- No. 23–a close-up view of the left side of complainant's face covered in blood; and

- No. 24–a close-up of the top portion of the left side of complainant's face and head with a ruler beside her head.

When the State moved to introduce these seven photographs, defense counsel made the following objection:

> Your Honor, we've admitted during opening statement that my client shot [complainant] during this incident.
>
> With that in mind, the probative value of these photos is far outweighed by their prejudicial effect. The State's just trying to get these in for the emotional aspect, and they are not necessary in this trial.

Following the objection, the Court announced:

> I think the State is allowed to produce all of its evidence, and I am going to overrule your objection.

Rule 403 of the Texas Rules of Evidence provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." The rule creates a presumption of admissibility of all relevant evidence and authorizes the trial court to exclude such evidence only when there is a "clear disparity between the degree of prejudice of the offered evidence and its probative value." Mozon v. State, 991 S.W.2d 841, 847 (Tex.Cr.App. 1999). When a proper Rule 403 objection is made, a trial court has no discretion whether to engage in a balancing test. Santellan v. State, 939 S.W.2d 155, 173 (Tex.Cr.App. 1997). Appellant argues that the court's

4

announcement demonstrates that it did not correctly perform a Rule 403 balancing test; however, the trial court is presumed to have engaged in the required balancing test when a Rule 403 objection is made unless the record indicates that the trial court refused to do so. Rojas v. State, 986 S.W.2d 241, 250 (Tex.Cr.App. 1998); Williams v. State, 958 S.W.2d 186, 195 (Tex.Cr.App. 1997); *see also* Howeland v. State, 966 S.W.2d 98, 103, (Tex.App.–Houston [1st Dist.] 1998), *aff'd*, 990 S.W.2d 274 (Tex.Cr.App. 1999) (holding that the court does not have to conduct a formal hearing or announce on the record that it has mentally conducted the Rule 403 balancing test). No error is established when the trial court simply overrules a Rule 403 objection. *Santellan*, 939 S.W.2d at 173. Because this record does not demonstrate that the trial court refused to conduct a Rule 403 balancing test, we apply the presumption that the balancing test was completed and conclude that the trial court's announcement referred to all of the photographs that the State offered into evidence.

Moreover, even if the trial court's ruling that "the State is allowed to produce all of its evidence" was overbroad, in reviewing a trial court's ruling on the admissibility of evidence, we must uphold the ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. Willover v. State, 70 S.W.3d 841, 845 (Tex.Cr.App. 2002); *see also* Romero v. State, 800 S.W.2d 539, 543 (Tex.Cr.App. 1990). Thus, we will review the propriety of the admission of the photographs to determine whether the trial court's ruling may be upheld despite the incorrect reason for doing so.

5

Appellant's objection was grounded upon defense counsel's assertion that during his opening statement, he admitted that appellant shot the complainant and thus, admission of the photographs was prejudicial.

The admission of photographs into evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. Wyatt v. State, 23 S.W.3d 18, 29 (Tex.Cr.App. 2000). Generally, a photograph is admissible if verbal testimony as to matters depicted in the photograph is also admissible. Emery v. State, 881 S.W.2d 702, 710 (Tex.Cr.App. 1994), *cert. denied*, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995); Long v. State, 823 S.W.2d 259, 271-72 n.18 (Tex.Cr.App. 1991), *cert. denied*, 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992). A non-exhaustive list of factors to consider in determining whether the probative value of photographs is outweighed by the danger of unfair prejudice include the number of exhibits offered, their gruesomeness, detail, and size, whether they are black and white or color, whether they are close-up, whether the body is naked or clothed, and the availability of other means of proof and the circumstances unique to each case. S*ee* Williams v. State, 958 S.W.2d 186, 173 (Tex.Cr.App. 1997); *accord* Sonnier v. State, 913 S.W.2d 511, 518 (Tex.Cr.App. 1995) and *Emery,* 881 S.W.2d at 710.

Complainant testified that the first bullet to the left side of her chin shattered her jaw and that bone grafts were used to rebuild her chin. She also lost five teeth and the bullet remains lodged in her throat for fear that removal will sever a main artery. A second bullet

to her head exited below her ear and came to rest in the palm of her left hand and was surgically removed. A surgical nurse testified that the bullet from complainant's hand was removed during surgery.

The seven photographs are in color and are approximately three and one-half by five inches in size. They depict the severity of complainant's injuries from different angles and distances. The trial strategy by the defense was that appellant was only guilty of the lesser included offense of aggravated assault and the photographs were cumulative evidence used by the State to elicit an "inappropriate emotional resolution" of the issues by the jury. The State, however, argues that the photographs were properly admitted because of the probative value to corroborate complainant's contested version of the incident.

The Court of Criminal Appeals has rejected the proposition that visual evidence accompanying oral testimony is cumulative or that it is of insignificant probative value. Chamberlain v. State, 998 S.W.2d 230, 237 (Tex.Cr.App. 1999), *cert. denied*, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000). "Visual evidence accompanying testimony is most persuasive and often gives the fact finder a point of comparison against which to test the credibility of a witness and the validity of his conclusions." *Id.* Complainant's credibility was at issue because appellant's defense was that she had permitted him in her home for a drug deal. The photographs support complainant's version of how she was shot, and although bloody and gruesome, depict nothing more than "the reality of the brutal

7

crime committed." *Id.* Their depiction of the reality of the offense makes them powerful visual evidence and thus, probative of the State's case. Thus, we presume the trial court engaged in a Rule 403 balancing test and conclude there was no abuse of discretion in admitting State's Exhibits 18 through 24. Issue one is overruled.

Accordingly, the judgment of the trial court is affirmed.


                                              Don H. Reavis
                                              Justice

Do not publish.