Opinion issued June 10, 2004
     











In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-00525-CR
          01-03-00526-CR




ERNESTO ALLEQUES PORTALES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause Nos. 930872 & 930873




MEMORANDUM OPINION
          Appellant, Ernesto Alleques Portales, was convicted by a jury of the offenses
of burglary of a habitation and aggravated robbery, committed in the course of one
criminal episode. The jury assessed appellant’s punishment at two years’
imprisonment for the burglary and 25 years’ imprisonment for the aggravated
robbery. The trial court sentenced appellant to serve these sentences concurrently. 
In five points of error, appellant argues that (1) he was denied effective assistance of
counsel because his attorney (a) did not object to the prosecutor’s multiple references
to his immigration status and (b) admitted appellant’s guilt during his closing
argument; and (2) the prosecutor made improper arguments (a) by appealing to racial,
ethnic, and national prejudice and (b) by making arguments outside the record. We
affirm.
Background
          In the middle of the night of November 19, 2002, appellant broke into a home
where two women were living with their children. He came into the women’s
bedroom holding a knife and demanding money and gold. He took one of the
women’s wallets, car keys, a digital video disc player and a digital camera, then left
the house. After the women had called the police and were talking with them, one of
the women spotted appellant running across the street. At about the same time, as a
police helicopter was shining light into the area, a neighbor saw appellant in his yard.
The officers gave chase, eventually capturing appellant with some of the stolen
property and taking him in a patrol car for identification by the people he had robbed. 
The neighbor was not able to identify appellant, but appellant matched the description
of the robber that the women had given—an Hispanic male, barefoot, with a shaved
head. Both women positively identified appellant at the scene and at trial as the man
who had robbed them.
Ineffective Assistance of Counsel
          In points of error one and two, appellant contends he was denied the effective
assistance of counsel because his attorney did not object when the prosecutor made
comments regarding appellant’s immigration status. In point of error three, appellant
contends counsel was ineffective because he tacitly acknowledged appellant’s guilt
during the guilt/innocence phase of the trial.
          To determine if a defendant has been denied effective assistance of counsel, we
follow the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984). First, appellant must demonstrate that counsel’s
representation fell below an objective standard of reasonableness under prevailing
professional norms. Howland v. State, 966 S.W.2d 98, 104 (Tex. App.—Houston [1st
Dist.] 1998), aff’d, 990 S.W.2d 274 (Tex. Crim. App. 1999). Second, appellant must
establish that counsel’s performance was so prejudicial that it deprived him of a fair
trial. Id. Thus, appellant must show that a reasonable probability exists that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d at
104. 
          Appellant has the burden to establish both of these prongs by a preponderance
of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998);
Davis v. State, 830 S.W.2d 762, 765 (Tex. App.—Houston [1st Dist.] 1992, pet.
ref’d). An appellant “making a claim of ineffective assistance must identify the acts
or omissions of counsel that are alleged not to have been the result of reasonable
professional judgment.” Strickland, 466 U.S. at 690, 104 S. Ct. at 2064. Any
allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). We must recognize the strong presumption
that counsel’s performance fell within the wide range of reasonable professional
assistance. Id.
          The trial record here does not contain sufficient information to permit this
Court to fairly evaluate whether counsel was ineffective. There was no motion for
new trial, and the record is silent as to what appellant’s trial counsel’s strategy was
during trial. When there is no evidence of counsel’s reasons for the challenged
conduct, we assume a strategic motivation if any can possibly be imagined. Garcia
v. State, 57 S.W. 436, 440 (Tex. Crim. App. 2001); McKinny v. State, 76 S.W.3d 463,
471 (Tex. App.—Houston [1st Dist.] 2002, no pet.). 
          We overrule the first three points of error.

Improper Arguments
          In point of error four, appellant contends that the prosecutor made racially
prejudicial remarks throughout the trial by repeatedly inferring that appellant might 
be in this country legally. Offensive comments may be cured by an instruction to
disregard. Bryant v. State, 25 S.W.2d 924, 925 (Tex. App.—Austin 2000, pet ref’d).



Appellant waived any error here because he did not object to any of these comments
and the trial court had no opportunity to cure the alleged errors. See Tex. R. App. P.
33.1(a). 
          We overrule point of error four.
          In point of error five, appellant contends the prosecutor made improper closing
argument by calling appellant a “professional burglar.” We cannot agree. To be
permissible, the State’s argument must fall into one of four general categories: (1)
summation of the evidence; (2) reasonable deductions from the evidence; (3) answers
to defense counsel’s arguments; or (4) a plea for law enforcement. The record shows
that appellant was very organized, not haphazard, in the commission of these
robberies. He took items outside, stacked them, returned for more, then loaded them
into the car whose keys he had taken from the owner. After robbing the first house,
he went on to rob a second one. Calling him a “professional burglar” was a
reasonable deduction from the evidence.
          We overrule point of error five.
          We affirm the trial court’s judgment.



                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.4.