Affirmed and Majority and Concurring Memorandum Opinions filed October
3, 2006








 

Affirmed and Majority and Concurring Memorandum Opinions filed
October 3, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00863-CR

____________

 

HERMAN J. SLAUGHTER, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1009273

 



 

M A J O R I T Y  M E M O R A N D U M   O P I N I O N

Appellant, Herman Jason Slaughter, appeals his conviction
for evading arrest in a motor vehicle. Tex.
Pen. Code Ann. ' 38.04 (Vernon 2003). After pleading not
guilty, appellant was found guilty as charged by a jury. The trial court
sentenced appellant to confinement for two years in the state jail, probated
for five years. In four issues, appellant argues the trial court erred when it
admitted evidence appellant placed a marijuana cigar on the pavement outside
his motor vehicle while fleeing from a deputy sheriff. We affirm.

Factual and Procedural Background








Deputy Scott Talbot of the Harris County Sheriff=s Department, was
on patrol on December 4, 2004 when he stopped at a stop sign at an
intersection. While stopped at the intersection, he observed expired inspection
and registration stickers on appellant=s vehicle as appellant
made a left turn onto Broad Street at the same intersection. As appellant made
the left turn, he made eye contact with Deputy Talbot who observed appellant
holding a cigar. Deputy Talbot made a u-turn and caught up with appellant=s vehicle. Deputy
Talbot pulled up behind appellant=s vehicle when
appellant stopped at another intersection. Deputy Talbot then observed 
appellant, while stopped at the intersection, open his car door and place the
cigar on the ground. Appellant then drove off, quickly accelerating to more
than fifty miles per hour in a thirty miles per hour speed zone. 

Deputy Talbot activated his lights to initiate a traffic
stop. Appellant continued driving and Afishtailed@ while making a
left turn onto Verdinelli Street. Appellant drove a short distance before
pulling off the side of the road. Deputy Talbot testified it looked as though
appellant was attempting to flee on foot, but was unable to do so because he
was still wearing his seatbelt. As Deputy Talbot approached appellant=s vehicle, he
smelled a strong odor of burning marijuana. After placing appellant in custody
with another deputy, Deputy Talbot retrieved the cigar abandoned by appellant.
Deputy Talbot testified the cigar had a green leafy texture inside the cigar
wrap and had a strong odor of marijuana.[1]

Billy Landry was one of the witnesses called to testify by
appellant. Landry testified he was mowing a lawn when he saw appellant make the
left turn onto Verdinelli Street.  According to Landry, appellant was not
speeding as he made that turn. In addition, Landry testified he never saw
Deputy Talbot  activate his emergency lights prior to his arrest of appellant.
Under cross-examination, Landry testified that, even though Deputy Talbot never
activated his lights, it was obvious to him that Deputy Talbot was going to
pull appellant over.  








Appellant was charged by indictment and was found guilty as
charged by the jury. Appellant had previously elected to have the trial court
determine his punishment in the event he was convicted. The trial court
sentenced appellant to confinement for two years in the state jail, probated
for five years. This appeal followed.

Discussion

In four issues on appeal, appellant complains of the trial
court=s admission of
testimony regarding the marijuana cigar. Appellant argues: (1) the marijuana
cigar was irrelevant and prejudicial, (2) the trial court failed to conduct a
proper weighing of the danger of the undue prejudice of admitting testimony
regarding the marijuana cigar, (3) the State failed to state a purpose for its
admission, and (4) the testimony was admitted without a proper limiting
instruction. We affirm.

A.
Standard of Review








Evidence of a person=s character or
character trait is not admissible for the purpose of proving action in
conformity therewith. Tex. R. Evid. 404(b).
Evidence of other crimes, wrongs, or acts may be admissible if it has relevance
apart from its tendency to prove the character of a person in order to show
that he acted in conformity therewith. Id.; Montgomery v. State,
810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op. on reh=g). Illustrative
of the permissible purposes to which evidence of other crimes, wrongs, or acts
may be put are proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident. Id. These
exceptions are neither exclusive nor exhaustive. Pondexter v. State, 942
S.W.2d 577, 583B84 (Tex. Crim. App. 1996). Extraneous
offense evidence that logically serves any of these purposes is relevant beyond
its tendency to prove the character of a person to show that he acted in
conformity therewith. Montgomery, 810 S.W.2d at 387. It is therefore
admissible, subject only to the trial court=s discretion to
exclude it if  its probative value is substantially outweighed by the danger of
unfair prejudice. Id. However, if the extraneous offense evidence is not
relevant apart from supporting an inference of character conformity, it is
absolutely inadmissible under Rule 404(b). Id.

Questions of relevancy should be left largely to the trial
court, relying on its own observations and experience. Moreno v. State,
858 S.W.2d 453, 463 (Tex. Crim. App. 1993). If the trial court determines the
evidence has relevance apart from character conformity, the evidence should be
admitted absent a further objection from the opponent of the evidence. Montgomery,
810 S.W.2d at 389. The trial court=s decision whether
to admit evidence under Rule 404(b) will be upheld on appeal absent an abuse of
discretion. Id. at 391. In other words, an appellate court will not
intercede as long as the trial court=s decision is
within the zone of reasonable disagreement. Id.

Although relevant, evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. Therefore, upon
further objection from the opponent of the evidence based on Rule 403, the
trial court must weigh the probativeness of the evidence against the potential
for unfair prejudice. Montgomery, 810 S.W.2d at 389. In keeping with the
presumption of admissibility of relevant evidence, there is a presumption that
relevant evidence is more probative than prejudicial. Santellan v. State,
939 S.W.2d 155, 169 (Tex. Crim. App. 1997). The trial court=s ruling regarding
whether to exclude evidence under Rule 403 is also measured by an abuse of
discretion standard and will not be reversed if the ruling is within the zone
of reasonable disagreement. Montgomery, 810 S.W.2d at 391.

B.
Did the trial court err in admitting evidence concerning the alleged marijuana
cigar?

In his first issue, appellant argues the trial court erred
in admitting testimony regarding the marijuana cigar deposited on the street by
appellant during his flight from Deputy Talbot. Appellant argues the evidence
was irrelevant and prejudicial. We disagree.








In order to prove appellant evaded detention with a motor
vehicle, the State had to prove appellant intentionally fled from Deputy
Talbot. Tex. Pen. Code Ann. ' 38.04(a)B(b)(1).[2]
Evidence of illegal drug use or possession helps to prove that appellant
intentionally fled from Deputy Talbot.[3]
Accordingly, the marijuana cigar evidence is relevant. Tex. R. Evid. 401. As the marijuana cigar evidence is
relevant, the  question becomes whether or not it is excluded by Rule 404(b). 

An extraneous offense may be admissible if it has relevance
apart from its tendency to prove the character of a person in order to show
that he acted in conformity therewith. Montgomery, 810 S.W.2d at 387.
Evidence that logically serves such purposes as proof of motive is relevant
beyond its tendency to prove conforming character. Tex. R. Evid.  404(b);  Montgomery, 810 S.W.2d at 387.
Moreover, evidence of motive is always relevant and admissible to prove that a
defendant committed the offense alleged. Crane v. State, 786 S.W.2d 338,
349B50 (Tex. Crim.
App. 1990).








Here, evidence that appellant possessed marijuana indicates
a motive for intentionally fleeing from the deputy. See Peterson v. State,
836 S.W.2d 760, 763 (Tex. App.CEl Paso 1992, pet. ref=d) (finding
defendant=s extraneous possession of marijuana and a pistol
relevant to show his motive for fleeing and assaulting officers). Therefore,
the evidence was not submitted to show that appellant acted in conformity with
his character, but to illustrate his intent. Because the marijuana cigar
evidence is relevant and tended to prove something other than appellant=s character, we
find the trial court did not abuse its discretion in overruling appellant=s Rule 404(b)
objection.

Although relevant, evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. Since the State
needed the evidence to prove a fact of consequence (appellant=s motive in
evading the police), the evidence was highly probative in establishing intent,
an essential element of the evading arrest charge. In addition, the marijuana
cigar evidence was relevant to counteract the inference from Mr. Landry=s testimony that
appellant was not aware Deputy Talbot was trying to stop him because Deputy
Talbot had not activated his lights. We find the probative value of the
evidence is not substantially outweighed by the danger of unfair prejudice and
the trial court did not abuse its discretion in overruling appellant=s Rule 403
objection. We overrule appellant=s first issue.

C.
Did the trial court err when it did not perform a Rule 403 balancing test on
the record?

In his second issue, appellant asserts the trial court did
not perform a balancing test under Rule 403 before overruling appellant=s Rule 403
objection to the marijuana cigar evidence. There is no requirement that a trial
judge must perform the Rule 403 balancing test on the record. The record does
not have to include the trial court=s logic behind the
balancing test it used to determine whether evidence is more prejudicial than
probative under Rule 403. Howland v. State, 966 S.W.2d 98, 103 (Tex.
App.CHouston [1st
Dist.] 1998), aff=d 990 S.W.2d 274
(Tex. Crim. App. 1999). Because the trial court overruled appellant=s Rule 403
objection, it is presumed the balancing test occurred. Id. We overrule
appellant=s second issue.

D.
Did the trial court err when it allowed the State to proceed with extraneous
offense evidence without requiring the State to articulate on the record the
purpose for which the State was offering the evidence?








In his third issue, appellant complains the State failed to
recite a proper purpose for the admission of the extraneous offense evidence
and contends the trial court erred in not requiring the State to offer one. The
law does not require the State to specifically state why the offered extraneous
offense evidence is admissible under Rule 404(b). Montgomery, 810 S.W.2d
at 387. The State must only satisfy the trial court that the extraneous act has
relevance apart from character conformity. Tex.
R. Evid. 404(b); Montgomery, 810 S.W.2d at 387. When the trial
court overruled appellant=s Rule 404(b) objection, it implied that
it was satisfied the extraneous act evidence had relevance apart from character
conformity. Appellant correctly states the requirement that a trial court
should honor any request by the opponent of the evidence for articulation into
the record of the purpose for which the evidence is being offered by the
proponent. Id. However, appellant did not make this request of the trial
court. We overrule appellant=s third issue.

E.
Did the trial court err when it did not provide a limiting instruction to the
jury at the time it admitted the marijuana cigar evidence?

In his last issue, appellant argues the trial court, at the
time it admitted the evidence, should have given the jury an instruction on the
limited purpose for which the marijuana cigar evidence was admitted. However,
where the evidence is admissible for a limited purpose and the trial court
admits it without limitation, the party opposing the evidence has the burden of
requesting a limiting instruction. Tex.
R. Evid. 105(a); Hammock v. State, 46 S.W.3d 889, 893 (Tex. Crim.
App. 2001). If the opponent of the evidence fails to request a limiting
instruction when the evidence is first admitted, then it cannot complain on
appeal about the admission of such evidence without limitation. Tex. R. Evid. 105(a); Hammock,
46 S.W.3d at 893B95. In this case, appellant did not
request a limiting instruction at the time the trial court first admitted the
marijuana cigar evidence and also failed to object to the jury charge. As
appellant did not request a limiting instruction, the trial court was under no
obligation to provide one. Tex. R. Evid.
105(a). We overrule appellant=s fourth issue.

 








Conclusion

Having overruled all of appellant=s issues on
appeal, we affirm the judgment of the trial court.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Majority and Concurring Memorandum Opinions filed October 3, 2006.
(Concurring, J., Frost,).

Panel consists of
Justices Anderson, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  The cigar had been destroyed prior to trial and was
not admitted into evidence.





[2]  Texas Penal Code Section 38.04 provides in part:

 

(a) A person commits an offense if he intentionally
flees from a person he knows is a peace officer attempting lawfully to arrest
or detain him.

(b) An offense under this section is a Class B
misdemeanor, except that the offense is:

(1) a state jail felony if the actor uses a vehicle
while the actor is in flight and the actor has not been previously convicted
under this section.

Tex. Pen. Code Ann. ' 38.04. 





[3]  Appellant argues in his brief Athere was no reason for [a]ppellant to risk being
charged with a felony to avoid being charged with a misdemeanor [marijuana
possession charge].@ As appellant did not testify at trial, there was no
evidence in the record of his knowledge or lack of knowledge about the
seriousness of the potential charges he faced. Accordingly, this statement by
appellant represents nothing more than unsupported speculation about appellant=s motive or lack thereof for fleeing from Deputy
Talbot.