

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 16, 2018

The Honorable Mark A. Gonzalez
105th Judicial District Attorney
Nueces County Courthouse
901 Leopard, Room 206
Corpus Christi, Texas 78401-3681

Opinion No. KP-0207

Re: Whether an employee of a district attorney's office is eligible to execute and serve a subpoena under article 24.01(b)(2) of the Code of Criminal Procedure if the employee is not, at the time of issuance, involved in the proceeding for which the appearance is sought (RQ-0207-KP)

Dear Mr. Gonzalez:

Article 24.01(b) of the Code of Criminal Procedure provides for the service of a subpoena in a criminal matter by either a peace officer or a person "at least 18 years old and, at the time the subpoena is issued, not a participant in the proceeding for which the appearance is sought." TEX. CODE CRIM. PROC. art. 24.01(b)(1), (2). You ask whether, under article 24.01(b)(2), an attorney or other employee of a district attorney's office is eligible to serve a subpoena in a criminal case in which the employee is not involved in any capacity at the time of the subpoena's issuance, aside from the service of the subpoena.[1]

Courts interpreting a statute attempt to give effect to the Legislature's intent as expressed in the plain meaning of the text. *City of Houston v. Bates*, 406 S.W.3d 539, 543–44 (Tex. 2013). To discern that intent, courts consider the specific statutory language in the context of the entire statutory scheme. *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014).

Article 24.01(b)(1) authorizes a peace officer to serve subpoenas and does not state any additional qualification. TEX. CODE CRIM. PROC. art. 24.01(b)(1). Article 24.01(b)(2) specifies two requirements for a person who is not a peace officer to be eligible to serve a subpoena: the person must be 18 years of age, and at the time the subpoena issues, must not be "a participant in the proceeding for which the appearance is sought." *Id.* art. 24.01(b)(2). The statute does not define "participant" or "proceeding." *Id.* Typically, courts give undefined words in a statute their ordinary meaning. *In re Ford Motor Co.*, 442 S.W.3d 265, 271 (Tex. 2014). The ordinary meaning of the term "participant" is one who participates or takes part in a particular activity. *See*

---

[1]*See* Letter from Honorable Mark A. Gonzalez, Nueces Cty. Dist. Att'y, 105th Jud. Dist., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Jan. 23, 2018), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 903 (11th ed. 2005) ("[o]ne that participates"); AMERICAN HERITAGE COLLEGE DICTIONARY 1014 (4th ed. 2002) ("[o]ne that participates, shares, or takes part in something"); *see also* BLACK'S LAW DICTIONARY 1294 (10th ed. 2014) (defining "participation" as "[t]he act of taking part in something, such as a . . . trial"). In the criminal context, a "proceeding" can have different shades of meaning, such as "a criminal hearing or trial," "any of the individual steps that may be taken during the course of a criminal prosecution," or "the entire course of an action at law in a prosecution." *Fahrni v. State*, 473 S.W.3d 486, 494–95 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Howland v. State*, 990 S.W.2d 274, 277 n.6 (Tex. Crim. App. 1999)). At a minimum, a "participant in the proceeding" includes those who play an identifiable role at a hearing or trial, such as trial attorneys, parties, witnesses, jury members, the court, and court staff. *See Austin Bulldog v. Leffingwell*, 490 S.W.3d 240, 246 (Tex. App.—Austin 2016, no pet.) (describing "participants in a trial" as including "the judge, attorneys, parties, witnesses, and jury").

We need not determine the full range of an employee's activity that might be considered participation in a proceeding because you ask about only those employees of the district attorney's office who are not "involved in prosecuting or assisting in the prosecution [of the case] in *any capacity* aside from service of process." Request Letter at 1 (emphasis added). The statutes do not suggest that employees of the prosecutor's office are categorically ineligible to serve a subpoena under article 24.01(b)(2). "A court may not write special exceptions into a statute so as to make it inapplicable under certain circumstances not mentioned in the statute." *Pub. Util. Comm'n v. Cofer*, 754 S.W.2d 121, 124 (Tex. 1988). Thus, article 24.01(b)(2) does not prohibit an employee of the prosecutor's office from serving a subpoena for a criminal proceeding in which the employee is not a participant when the subpoena issues. While no judicial or attorney general opinion has addressed the issue, a court would likely conclude that article 24.01(b)(2) of the Code of Criminal Procedure allows service of a subpoena in a criminal matter by an attorney or other employee of a district attorney's office who, at the time of the subpoena's issuance, is not involved in the prosecution of the case in any capacity.

## S U M M A R Y

Article 24.01(b)(2) of the Code of Criminal Procedure allows service of a subpoena in a criminal matter by an attorney or other employee of a district attorney's office who, at the time of the subpoena's issuance, is not involved in the prosecution of the case in any capacity.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee